# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3600 | **DATE** | 6/26/12 |
| **CASE TITLE** | Adams vs. United States of America, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons provided in the Statement section of this Order, "Plaintiffs' Motion Pursuant to Rule 60(b)" (Dkt. No. 53) is granted. Status set for 7/13/12 at 9:30 am.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On Aug. 31, 2011, I entered an order granting plaintiffs' motion to voluntarily dismiss the United States as a defendant in this medical malpractice action. At the same time, I dismissed the case against the remaining, non-federal defendants without prejudice. Because subsequent events have shown the case cannot proceed against those non-federal defendants in state court, plaintiffs have filed a Fed. R. Civ. P. 60(b) motion to vacate that portion of my order dismissing the claims against the non-federal defendants without prejudice. They request that I exercise supplemental jurisdiction over those claims. For the reasons stated, the motion is granted.

I.

Because the procedural history of his case is complex and central to understanding my ruling in this matter, I will provide it in some detail. Plaintiffs Alexander and Laura Adams first filed this suit on May 17, 2009, in the Cook County Circuit Court. Named in the suit were: Ingalls Memorial Hospital, podiatrists Dale Brink and Timothy Krygsheld, Performance Foot and Ankle Center, LLC, and Family Christian Health Center and two of its doctors.

Because Family Christian Health Center is federally funded, the case was removed to federal court on Sept. 9, 2009. The United States was substituted as defendant in place of Family Christian Health Center and its doctors. The United States then moved to dismiss for plaintiffs' failure to exhaust their administrative claim under the Federal Tort Claims Act, 28 U.S.C. § 2675(a). I granted that motion on Oct. 21, 2009, and remanded the case against the remaining defendants to state court. (*See* Case No. 09-5577, Dkt. No. 16.)

On April 6, 2010, plaintiffs' Federal Tort Claims Act claim was denied. On June 10, 2010, with their case against the non-federal defendants still pending in state court, plaintiffs filed suit in this court, naming all defendants. The non-federal defendants moved to dismiss on the ground that the same claims were pending in state court. In response, plaintiffs filed a motion to stay in the state case, which was denied on July 30, 2010. On Aug. 11, 2010, plaintiffs voluntarily dismissed the state case, and shortly thereafter the non-federal defendants withdrew their motion to dismiss in this case.

## STATEMENT

On Aug. 24, 2011, plaintiffs filed a motion to voluntary dismiss the United States as a defendant. The single-page motion did not reference the non-federal defendants or ask for any relief in regard to those defendants. I granted the motion in an Aug. 31, 2011, minute entry, and dismissed the case as to the non-federal defendants without prejudice.

On Sept. 27, 2011, plaintiffs filed a motion to clarify or vacate this order.[1] They sought clarification that the dismissal of the non-federal defendants would not be considered a voluntary dismissal under Fed. R. Civ. P. 41(a)(1), so as to avoid the potential implications of the two-dismissal rule. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). Plaintiffs asked that I clarify my ruling to show that dismissal was without prejudice, or in the alternative vacate the dismissal of the non-federal defendants. Plaintiffs also requested that "[i]f this matter is dismissed for reasons unknown to the Plaintiff that would prejudice this Plaintiff from re-filing, Plaintiff respectfully requests that the dismissal order be vacated."

I denied plaintiffs' motion on Oct. 21, 2011, explaining that the two-dismissal rule was not implicated by my dismissal of the non-federal defendants, which was pursuant to Fed. R. Civ. P. 41(a)(2). (*See* Dkt. No. 52.) Both plaintiffs' motion and my order referenced the fact that at the Aug. 31, 2011, hearing on plaintiffs' motion to voluntarily dismiss the United States, both I and the parties believed the case could be remanded to state court because it was a re-filed case based on a case which itself had been removed from state court. After the hearing, but before entering my order, I realized I did not have authority to remand the case. As such, and because all the remaining claims were based on state law, I declined to exercise supplemental jurisdictional over the claims against the remaining defendants and dismissed them without prejudice.

In the normal course of events, of course, I would not exercise supplemental jurisdiction over state claims when dismissing a federal defendant. *See RWJ Mgmt. Co., Inc. v. BP Prod. N. Am.*, 672 F.3d 476, 479–80 (7th Cir. 2012). That general presumption can be overcome under certain circumstances, including where a statute of limitations precludes the filing of the pendent claim in state court. *Id.* at 480. I perceived no reason why the general presumption should not be applied when I entered my Aug. 31, 2011, order, however, nor did I when I denied plaintiffs' initial motion to clarify or vacate that order.

Unfortunately, plaintiffs' first motion to amend the judgment missed the obstacle to their proceeding in state court, which emanated not from the Federal Rules of Civil Procedure, but from state law. On Nov. 4, 2011, plaintiffs again filed suit in state court against the non-federal defendants. This ran afoul of Illinois law, which, in the case of voluntary dismissals, allows for one re-filing within a year of the voluntary dismissal. 735 ILCS 5/13-217, *see Timberlake v. Illini Hosp.*, 661 N.E.2d 1145, 1146 (Ill. App. Ct. 1996). Cook County Circuit Judge Kathy M. Flanagan, ruling on defendants' motion to dismiss, held that plaintiffs had one year from Aug. 11, 2010, to re-file their suit in state court. Because they failed to do so, Judge Flanagan granted the motion to dismiss on March 21, 2012. (*See* Dkt. No 53, Ex. D.) Judge Flanagan recently denied plaintiffs' motion to reconsider her ruling. (*See* Dkt. No. 60, Ex. A.)

In light of the dismissal in state court, plaintiffs filed this Rule 60(b) motion. Plaintiffs contend that events since my Aug. 31, 2011, dismissal order show that my dismissal of the non-federal defendants was the result of "mistake, inadvertence, or surprise." *See* Fed. R. Civ. P. 60(b)(1). The mistake, according to plaintiffs, was the belief of all the parties that the case against the non-federal defendants could proceed in state court. Defendants contend that plaintiffs' motion is untimely, and that Rule 60(b) relief is not available simply because plaintiffs' counsel misunderstood the law.

II.

Under Fed. R. Civ. P. 60(b)(1), the district court "may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." *See Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). Additionally, a

| **STATEMENT** |
|---|

motion under Rule 60(b)(1) "must be made within a reasonable time," but in no event longer than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). What constitutes a reasonable time for making such a motion "'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.'" *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) (quoting *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981)).

III.

Both sides agree that this case is strikingly similar to *Eskridge*, 577 F.3d at 807, in which a medical malpractice suit "developed into multiple actions in both Illinois and federal court, and, amid the procedural complexity, the Eskridges' counsel made a critical error." The *Eskridge* suit, like the instant case, began in Cook County Circuit Court, but was removed to this court because some of the defendants were federal employees. *Id.* Again, as in this case, the plaintiffs failed to exhaust their administrative remedies as to the federal defendants as required by the Federal Torts Claim Act, so the case was dismissed as to those defendants and remanded to state court as to the remaining defendant, Cook County. *Id.* After exhausting their administrative remedies, the plaintiffs filed a second lawsuit in federal court against the United States and Cook County. *Id.* They then voluntarily dismissed their suit in state court. *Id.*

At some point, the *Eskridge* plaintiffs decided to dismiss the United States as a defendant and proceed only against the county in state court. *Id.* They re-filed their suit in Cook County Circuit Court, and moved in this court to voluntarily dismiss both defendants, a motion the court granted. *Id.* at 807–08.

However, this was the plaintiffs' second re-filing of their state lawsuit, and so they ran headlong into Illinois' "single re-filing" rule under 735 ILCS 5/13-217. *Id.* at 808. When Cook County moved to dismiss the state lawsuit on that ground, the *Eskridge* plaintiffs returned to federal court and sought relief under Rule 60(b). *Id.* The district court denied the motion, rejecting plaintiffs' claim that they intended only to dismiss the United States from the federal suit. *Id.* The court further reasoned that this type of "procedural misplay" was not the "mistake or inadvertence" referred to in Rule 60(b). *Id.*

Affirming, the Seventh Circuit noted the broad discretion to which district courts are entitled in ruling on 60(b) motions. *Id.* at 609. The appeals court said that discretion was even greater in the *Eskridge* case given that plaintiffs' appeal was timely only with respect to their motion for reconsideration of the court's ruling on their Rule 60(b) motion. *Id.* In light of this broad discretion, the appeals court held that the district court's ruling must stand. *Id.* The appeals court noted that the procedural error did not fit neatly into the categories of relief spelled out in Rule 60(b). *Id.*

Specifically, the Seventh Circuit found that the error did not fall squarely into the "excusable neglect" category, given that the dismissal order was entered on the plaintiffs' own motion. *Id.* The Seventh Circuit noted, however, that it was not holding that the type of legal error made by plaintiffs' counsel, "based on the pitfalls of parallel federal and state lawsuits," would never justify relief. *Id.* at 810 (citing *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006)). A different district judge, the court noted, may have been persuaded to excuse the procedural error based on plaintiffs' sunk litigation costs and their interest in reaching the merits of the case. *Id.* (citing *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998)).

The teaching of *Eskridge*, then, is that a district court has broad discretion to consider whether attorney error constitutes excusable neglect. *Id.*; *see Robb v. Norfolk & Western Railway Co.*, 122 F.3d 354, 357 (7th Cir. 1997). In this case, I find that it does. Plaintiffs did not seek dismissal of all defendants in their initial motion, but sought dismissal only of the United States. Despite the initial confusion over my ability to remand the case against the non-federal defendants, plaintiffs' counsel should have realized the implications of Illinois' single-refiling rule. Nonetheless, I find that this error was excusable neglect in light of the complicated procedural history of this case and the complex interplay of state and federal rules of civil procedure.

Defendants additionally argue that plaintiffs' Rule 60(b) motion is untimely because it was not made within a reasonable amount of time. What constitutes a reasonable amount of time, however, is flexible and

| STATEMENT |
|---|

depends on the circumstances.  *See Kagan*, 795 F.2d at 610.  It was not unreasonable for plaintiffs' counsel to wait until the state court ruled on the motion to dismiss before seeking relief in this court.

The podiatrist defendants also argue that the showing of a meritorious claim against them is a precondition for relief under Rule 60(b).  Plaintiffs cannot show that they have a meritorious claim because their deposition testimony shows that this lawsuit was not filed within the statute of limitations, the podiatrist defendants contend.  There is some authority for the proposition that a movant seeking relief from a judgment must show that he or she has a potentially meritorious claim.  *See Barnes v. City of Chicago*, No. 98 C 5590, 2000 WL 1745180, at *4 (N.D. Ill. Nov. 27, 2000) (citing *Teamsters, Chauffeurs, Warehouseman & Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17, 20 (1st Cir. 1992)).  In the absence of fuller briefing on the statute of limitations issue, however, I decline to base my ruling on this issue.

Finally, the podiatrist defendants argue that because the single re-filing rule is not a statute of limitations, it is an inappropriate basis for exercising supplemental jurisdiction over the claims against the non-federal defendants.  I disagree.  While not a statute of limitations, Illinois' single-refiling rule functions in much the same way in this case given that it is a procedural bar to plaintiffs' seeking relief on the merits.

As such, and in the interests of providing a forum for reaching the merits of this case, I vacate that portion of my Aug. 31, 2011, order that dismissed the case against the non-federal defendants without prejudice.  I will exercise supplemental jurisdiction over those claims.

IV.

For the reasons stated herein, "Plaintiffs' Motion Pursuant to Rule 60(b)" (Dkt. No. 53) is granted.

---

1. This motion was not brought under any particular Rule of Civil Procedure.  Defendants describe it as a Rule 60(b) motion, but it could be considered a Rule 59(e) motion to alter or amend a judgment, given that it was filed within 28 days of the entry of judgment.